UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| E.R. SMITH ASSOCIATES, INC., Plaintiff | : | |
| vs. | : | C.A. No.: 05-CV-45-T |
| THE COLONIAL PRESS, INC., Defendant | : | |

**E.R. SMITH ASSOCIATES, INC.'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**

NOW COMES plaintiff E.R. Smith Associates, Inc. ("E.R. Smith"), by and through counsel, and hereby moves this Court for leave to conduct jurisdictional discovery in order to object, or otherwise respond to, defendant The Colonial Press, Inc.'s ("Colonial") previously filed motion to dismiss in this matter, and, more particularly, to able to sufficiently and fully address Colonial's assertions and/or representations that this Court has neither general nor specific jurisdiction over Colonial in the instant action.

In support of the within motion, E.R. Smith respectfully submits that the grant or allowance of jurisdictional discovery in the instant action is necessary to afford E.R. Smith the opportunity to test the veracity of representations and/or statements set forth by Colonial in the subject motion, as well as in an accompanying affidavit offered by an officer of Colonial in support thereof, and, further, to provide E.R. Smith with the opportunity to be able to fully and properly address and respond to the same. *See Barrett v. Lombardi*, 239 F. 3d 23 (1st Cir. 2001) (noting that such pleas for jurisdictional discovery are proper if

10

requested in a timely fashion). *See also, Rodriquez v. Fullerton Tires Corp.*, 115 F 2d. 81 (1st Cir. 1987); *Whittaker Corp. v. United Aircraft Corp.*, 482 F.2d 1079 (1st Circuit 1973). Given that the present case was only recently removed to this Court, and the subject motion to dismiss filed within the past several days, E.R. Smith's request is both proper and timely under the circumstances. In fact, all evidence to the contrary, Colonial purposefully engaged in a commercial course of conduct with E.R. Smith, which gives rise to the present case.

Simply stated, Colonial argues that this Court is without either general or specific jurisdiction over Colonial, in large part, because Colonial has purportedly never engaged in business transactions or other dealings in Rhode Island.

In *Whittaker Corp. v. United Aircraft Corp.*, 482 F.2d. 1079, 1086 (1st Cir. 1973), the Court reasoned that "discovery requests concerning jurisdictional issues is appropriate in those situations where complex factual matters are in question and where the party has been diligent and is somewhat unfamiliar with his adversary." Such is the case in the instant matter. Given that there appears to be, at very least, some business history between Colonial and E.R. Smith, a Rhode Island entity with a principal place of business located in Rhode Island, and that Colonial has been engaged in its business on a national, and, apparently, to some extent, on an international level for many years, the requested discovery is appropriate so that E.R. Smith may test the validity of Colonial's claim(s) or contentions that they lack any appreciable ties to this forum.

Not surprisingly, Colonial has taken the completely illusory and disingenuous position that it has no contacts with this forum, notwithstanding the fact that it specifically sought out and engaged E.R. Smith to provide certain services for its benefit. Just because Colonial says it has no "ties" to Rhode Island does not necessarily make it so.

Taking Colonial's argument at face value, Colonial would have this Court believe that notwithstanding that it negotiated with, engaged, and entered into a contract with E.R. Smith that it has no contacts with this jurisdiction. Unfortunately, this argument rings hollow, particularly given that Colonial appears to have gone out of its way to specifically contract with and/or otherwise engage in a commercial course of conduct with a Rhode Island entity. As such, E.R. Smith must be afforded the opportunity to further develop this general information so that it may specifically respond to the assertions and/or representations set forth in Colonial's motion to dismiss, and its accompanying affidavit.

In short, jurisdictional discovery is necessary so that E.R. Smith may examine Colonial's activities within, and contacts with, this forum, and, more particularly, as the same may relate to its business dealings and/or transactions with E.R. Smith or any other Rhode Island entities or businesses. It would be prejudicial to E.R. Smith should this Court deny it the opportunity to so inquire into Colonial's contacts with this forum because in denying it any such opportunity it would, essentially, be denying its ability to fully and capably respond to the pending motion to dismiss, and, by extension to prosecute and pursue its claims as set forth in the Complaint in this matter. On the other hand, permitting E.R. Smith to engage in the requested jurisdictional discovery does not prejudice Colonial in any respect.

WHEREFORE, for the foregoing reasons, E.R. Smith respectfully prays that this Court grant its motion for leave to conduct jurisdictional discovery.

Respectfully submitted,

E.R. Smith Associates,

By its Attorneys,

W. Mark Russo (#3937)
**Ferrucci Russo P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

George A. Comolli, Esq. (# 2730)
**Comolli & LaMountain, Ltd.**
15 Franklin Street
Westerly, RI 02891
Tel: (401) 348-6020
Fax: (401) 348-0999

## Certification

I hereby certify that on this 9th day of March, 2005, I served a true and accurate copy of the within upon **Barbara S. Cohen, Esq.**, Goldenberg & Muri, LLP, 10 Weybosset Street, Providence, Rhode Island, 02903, by first-class, postage prepaid mail.

Monique Bower