UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

E.R. SMITH ASSOCIATES, INC.

Plaintiff,

v.

THE COLONIAL PRESS, INC.

Defendant.

Civil Action No. 05-CV-45-T

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**

The defendant, The Colonial Press, Inc. ("Colonial Press"), hereby objects to the plaintiff's Motion for Leave to Conduct Jurisdictional Discovery. In support of this objection, Colonial Press relies on the accompanying Memorandum of Law.

**THE COLONIAL PRESS, INC.**

By its attorney,

Barbara S. Cohen

Barbara S. Cohen (2848)
GOLDENBERG & MURI LLP
10 Weybosset Street
Providence, RI 02903
Tel: (401) 421-7300
Fax: (401) 421-7352

12

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of March, 2005, a copy of the within Objection was forwarded by first class mail, postage prepaid, to:

George A. Comolli, Esq.
Comolli & LaMountain, Ltd.
15 Franklin Street
Westerly, RI 02891

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
Ferrucci Russo P.C.
55 Pine Street
Providence, RI 02903

Jennifer Gagnon

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

E.R. SMITH ASSOCIATES, INC.

Plaintiff,

Civil Action No. 05-CV-45-T

v.

THE COLONIAL PRESS, INC.

Defendant.

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**

The defendant, The Colonial Press, Inc. ("Colonial Press"), objects to the plaintiff's Motion for Leave to Conduct Jurisdictional Discovery. Colonial Press submits this Memorandum of Law in support of its objection.

**TRAVEL OF THE CASE**

On or about January 20, 2005, the plaintiff, E.R. Smith Associates, Inc. ("Smith"), filed suit in the Rhode Island Superior Court, Washington County, against Colonial Press alleging that Smith was owed $82,500 in connection with the installation of a certain press in Colonial Press's plant in La Vista, Nebraska. Smith is a Rhode Island corporation with a principal place of business in Rhode Island. Complaint ¶1. Smith has more than eighty employees and routinely handles engineering projects for manufacturers and printers around the world. See http://www.ersmith.com/company.htm (Feb. 28, 2005).

Among other things, the Complaint alleges that: Colonial Press is a Nebraska corporation with offices in Nebraska (Complaint ¶2); in June 2004, Smith entered into a

contract for the sale of a press located in England (Complaint ¶¶5, 6); the contract for the sale of the press provided an opportunity to inspect the press in England (Complaint ¶5); Smith entered into a separate agreement to install the press, including removing, insuring, containerizing and shipping the press to Nebraska for installation (Complaint ¶7 and Ex. B); the installation agreement contemplated a five week installation period in Nebraska (Complaint Ex. B); and Colonial Press is operating the press at Colonial's plant in Nebraska (Complaint ¶12).

Although the Complaint alleges jurisdiction based on R.I. Gen. Laws §9-5-33, Complaint ¶3, the Complaint does not allege any factual basis for the exercise of personal jurisdiction over Colonial Press in Rhode Island.

On February 4, 2005, Colonial Press removed the lawsuit to this Court. On March 2, 2005, Colonial Press filed a Motion to Dismiss Pursuant to Rule 12(b)(2) for Lack of Personal Jurisdiction, as well as a supporting Memorandum of Law and Affidavit. On March 9, 2005, Smith served a Motion for Leave to Conduct Jurisdictional Discovery and a Motion to Enlarge Time to Respond to Defendant's Motion to Dismiss.

Colonial Press does not object to a reasonable extension of time within which Smith must respond to the Motion to Dismiss. However, Colonial Press does object to the motion seeking jurisdictional discovery as Smith has made no showing that such discovery is warranted or appropriate here.

## ARGUMENT

"In order to be entitled to jurisdictional discovery, a plaintiff must make out a colorable case for the existence of personal jurisdiction." The Gentle Wind Project v. Garvey, No. 04-103-P-C, 2005 U.S. Dist. LEXIS 261, *32-33 (D. Me. Jan. 10, 2005)

(recommending denial of request for jurisdictional discovery) (citing United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 625 (1st Cir. 2001)). This "includes 'the obligation to present facts to the court which show why jurisdiction would be found if discovery were permitted.'" 2005 U.S. Dist. LEXIS 261, *33 (quoting United States v. Swiss Am. Bank, Ltd., 274 F.3d at 626).

The Court may refuse to allow jurisdictional discovery if the plaintiff has not made a sufficient showing of a basis for the exercise of jurisdiction. 8 C. Wright, A. Miller and R. Marcus, Federal Practice and Procedure, §2009 (2d ed. Supp. 2004). Indeed, "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 402 (4th Cir. 2003) (affirming district court's denial of jurisdictional discovery).

Here, Smith has made no case for the existence of personal jurisdiction, much less a colorable case. Smith has not presented any facts that show why jurisdiction would be found if discovery were permitted. Instead, Smith has offered only speculation and conclusory assertions.

Moreover, Smith has not specified what inquiries it would make, and of whom, in the event that discovery is permitted. No doubt this is because all relevant jurisdictional questions have been fully addressed in the Affidavit of Thomas A. Visty, which was submitted in support of Colonial Press's Motion to Dismiss. As the affidavit answers all relevant jurisdictional questions, there are no inquiries that Smith legitimately can raise. See Central Tools, Inc. v. Chicago Brand Indus., Inc., No. 03-591 ML, 2004 U.S. Dist. LEXIS 27062, *3-4 (denying request for jurisdictional discovery where declaration

submitted by defendant provided responses to all relevant jurisdictional questions posed by plaintiff in proposed discovery); see also Whittaker Corp. v. United Aircraft Corp., 482 F.2d 1079, 1086 (1st Cir. 1973) (affirming denial of discovery where plaintiff did not specify pertinent avenues of inquiry).

There is nothing complex about the issues presented by Colonial Press's Motion to Dismiss. Smith has presented no facts that contradict the facts set forth in Mr. Visty's affidavit, and Smith has offered no reasons why it is unable to present such facts. Smith made allegations in its Complaint regarding jurisdiction and, presumably, is aware of its own contacts with Colonial Press, yet Smith submitted no affidavit or other appropriate proffer that support its allegations or its request to take discovery. Smith is required to do more than simply recite that it would like to test Colonial Press's affidavit in order to obligate Colonial Press to respond to discovery. There is no prejudice to Smith; it can pursue its claim in an appropriate forum.

The cases cited by Smith do not support a contrary conclusion. In none of those cases did the Court permit jurisdictional discovery. For example, in Barrett v. Lombardi, 239 F.3d 23, 27, 28-29 (1st Cir. 2001), the Court affirmed a dismissal for lack of jurisdiction and noted that the district court did not err in denying discovery. Among other things, the Court stated that "a plaintiff must do more than simply surmise the existence of a favorable factual scenario" and that "allegations in a lawyer's brief or legal memorandum are insufficient." Id. at 27.

**CONCLUSION**

For the reasons set forth in this memorandum, Colonial Press respectfully requests that the Court deny the plaintiff's Motion for Leave to Conduct Jurisdictional Discovery.

**THE COLONIAL PRESS, INC.**

By its attorney,

/s/ Barbara S. Cohen

Barbara S. Cohen (2848)
GOLDENBERG & MURI LLP
10 Weybosset Street
Providence, RI 02903
Tel: (401) 421-7300
Fax: (401) 421-7352

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of March, 2005, a copy of the within Memorandum was forwarded by first class mail, postage prepaid, to:

George A. Comolli, Esq.
Comolli & LaMountain, Ltd.
15 Franklin Street
Westerly, RI 02891

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
Ferrucci Russo P.C.
55 Pine Street
Providence, RI 02903

/s/ Jennifer Gagnon