UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

E.R. SMITH ASSOCIATES, INC.

Plaintiff,

Civil Action No. 05-CV-45-T

v.

THE COLONIAL PRESS, INC.

Defendant.

**DEFENDANT'S OBJECTION TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

The defendant, The Colonial Press, Inc. ("Colonial Press"), pursuant to Fed. R. Civ. P. 72(b) and Local Rule 32(c), hereby objects to the Report and Recommendation of United States Magistrate Judge Lincoln D. Almond, dated June 24, 2005 ("Report"), respecting Defendant's Motion to Dismiss Pursuant to Rule 12(b)(2) for Lack of Personal Jurisdiction on the following grounds:

1. Colonial Press objects to the finding that the requirement of relatedness, necessary for the Court's exercise of specific personal jurisdiction, has been satisfied. See Report, slip op. at 7. Colonial Press also objects to the finding that its contacts with this forum were instrumental in the formation of the contract that is the subject of the litigation. See Report, slip op. at 7. Colonial Press further objects to the finding that its contacts with this forum were instrumental in the breach of the contract that is the subject of the litigation. See Report, slip op. at 7. The basis for these objections is that these findings result from a misapplication of the law and a misapprehension of the credible, competent facts before the Court.

2. Colonial Press objects to the finding that the requirement of purposeful availment, necessary for the Court's exercise of specific jurisdiction, has been satisfied. See Report, slip op. at 8. Colonial Press also objects to the finding that the plaintiff proffered sufficient evidence to satisfy the requirement of voluntariness. See Report, slip op. at 9. Colonial Press further objects to the finding that it acted as more than merely a passive purchaser as to the contract that is the subject of the litigation. See Report, slip op. at 9-10. In addition, Colonial Press objects to the finding that the requirement of forseeability was satisfied. See Report, slip op. at 10. The basis for these objections is that these findings result from a misapplication of the law and a misapprehension of the credible, competent facts before the Court.

3. Colonial Press objects to the Report because a proper weighing of the so-called "Gestalt factors" requires that the motion to dismiss be granted. See Report, slip op. at 11-13.

4. Colonial Press objects to the Report as the Magistrate Judge accepted as true contentions that were not credible and/or that did not constitute competent evidence of specific facts, as required by the governing standard, and as the Magistrate Judge misapprehended the credible, competent facts before the Court. Specifically, the allegation of paragraph 14 of the Affidavit of Frank Andalaro, that the plaintiff and Colonial Press "began to engage in an ongoing and continuous dialogue regarding the Harris press, and Colonial Press' possible purchase of the same," on which the Report heavily relies (see, e.g., slip op. at 2, 7, 9) is wholly conclusory and is inconsistent with the balance of the affidavit and the documents attached to it. A fair reading of the

pleadings and affidavits submitted to the Court does not establish the prima facie showing required to defeat the motion to dismiss.

5. Colonial Press objects to the Report's findings "that all prongs of the three-factor test for specific personal jurisdiction are satisfied and that this Court may properly exercise personal jurisdiction over Colonial [Press]," Report, slip op. at 13, and to the Report's recommendation that the Motion be denied, Report, slip op. at 13, as the exercise of jurisdiction in this case would be inconsistent with the decisions of this Court and the Court of Appeals for the First Circuit.

Accordingly, Colonial Press respectfully requests that the Court reject and/or modify the findings and recommendation of the Report, grant the Motion to Dismiss, and dismiss the case for lack of personal jurisdiction over Colonial Press. In support of this objection, Colonial Press relies on the accompanying Memorandum of Law, as well as on its original Memorandum of Law in Support of Motion to Dismiss Pursuant to Rule 12(b)(2) for Lack of Personal Jurisdiction.

**THE COLONIAL PRESS, INC.**

By its attorney,

Barbara S. Cohen (2848)
GOLDENBERG & MURI LLP
10 Weybosset Street
Providence, RI 02903
Tel: (401) 421-7300
Fax: (401) 421-7352

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of July, 2005, a copy of the within Objection was forwarded by first class mail, postage prepaid, to:

George A. Comolli, Esq.
Comolli & LaMountain, Ltd.
15 Franklin Street
Westerly, RI 0289

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
Ferrucci Russo P.C.
55 Pine Street
Providence, RI 02903

Jennifer Gagnon

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

E.R. SMITH ASSOCIATES, INC.

Civil Action No. 05-CV-45-T

Plaintiff,

v.

THE COLONIAL PRESS, INC.

Defendant.

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

In January 2005, E.R. Smith Associates, Inc. ("Smith") filed suit against The Colonial Press, Inc. ("Colonial Press") in the Rhode Island Superior Court. Smith's Complaint claims that Colonial Press breached a contract for installation services by failing to pay Smith $82,500 in connection with the installation of a Harris press in Colonial Press's plant in La Vista, Nebraska. The Complaint alleges: Smith is a Rhode Island corporation with a principal place of business in Rhode Island (Complaint ¶1); Colonial Press is a Nebraska corporation with offices in Nebraska (Complaint ¶2); in June 2004, Smith entered into a contract for the sale of a press located in England (Complaint ¶¶5, 6); Smith entered into a separate agreement to install the press, including removing, insuring, containerizing and shipping the press to Nebraska for installation (Complaint ¶7 and Ex. B) (emphasis added); the installation agreement contemplated a five week installation period in Nebraska (Complaint Ex. B); and Colonial Press is operating the press at its plant in Nebraska (Complaint ¶12).

On February 4, 2005, Colonial Press removed the lawsuit to this Court. On March 2, 2005, Colonial Press filed a Motion to Dismiss Pursuant to Rule 12(b)(2) for Lack of Personal Jurisdiction ("Motion to Dismiss"), as well as a supporting memorandum and affidavit. On March 9, 2005, Smith served a Motion for Leave to Conduct Jurisdictional Discovery. Colonial Press objected to Smith's motion and, after hearing on April 22, 2005, the Court denied the request for discovery. Thereafter, Smith served its opposition to the Motion to Dismiss.

The Motion to Dismiss was referred to United States Magistrate Judge Lincoln D. Almond, who held a hearing on the matter on June 2, 2005. On June 24, 2005, the Magistrate Judge issued a Report and Recommendation, recommending that the Motion to Dismiss be denied. Colonial Press objects to the Report and submits this memorandum n support of its Objection.

## ARGUMENT

To withstand a motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of proving through credible evidence that the claim satisfies both the state's long-arm statute and constitutional due process." Colibri Corp. v. Curly & Smooth Handels GmbH, No. 03-523T, 2004 U.S. Dist. Lexis 26711, at *11 (D.R.I. July 9, 2004) (Report and Recommendation of U.S.M.J. David L. Martin, recommending that motion to dismiss be granted, accepted by Order dated Jan. 21, 2005) (footnote omitted). To meet this burden, "the plaintiff . . . must adduce competent evidence of specific facts." Colibri, No. 03-523T, 2004 U.S. Dist. Lexis 26711, at *11. The Court does "not credit conclusory allegations or draw farfetched inferences." Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994). Moreover, the allegations in a legal

memorandum are insufficient to satisfy the plaintiff's burden of proof. Barrett v. Lombardi, 239 F.3d 23, 27 (1st Cir. 2001).

**Relatedness**

Colonial Press respectfully submits that the Magistrate Judge misapplied the governing law and misapprehended the credible, competent facts before the Court in finding that the requirement of relatedness, necessary for the Court's exercise of specific personal jurisdiction, has been satisfied. See Report, slip op. at 7.

Smith's claim is for breach of an installation contract, which is a separate agreement from the contract for the sale of the Harris press. Complaint ¶¶5, 7, 14, 15. In a letter dated June 3, 2004, sent by Smith to Colonial Press in Nebraska, Smith set out the terms of the installation contract and specifically stated, "The price and terms for the press sale is on a separate contract, . . . ." Andalaro Affidavit, Ex. B.

In the Report, the Magistrate Judge correctly stated, "In a contract case, relatedness is established if the defendant's contacts with the forum 'were instrumental either in the formation of the contract or in its breach.'" Report, slip op. at 7 (citing Phillips Exeter Acad. v. Howard Phillips Fund, Inc., 196 F.3d 284, 289 (1st Cir. 1999)). However, the findings that Colonial Press's contacts with this forum "were instrumental in the formation of its contract with Smith" and that "the alleged breach of contract arose directly from [Colonial Press's] contacts with Smith occurring in this District," Report, slip op. at 7, are not supported by the record.

The Magistrate Judge relied on Smith's allegation of an "ongoing and continuous dialogue" between the parties concerning the purchase of the Harris press. Report, slip

op. at 7 (citing Andalaro Affidavit ¶14). However, the mere conclusory allegation of the Andalaro Affidavit does not provide a proper evidentiary basis for these findings.

The affidavit states that Smith advised Colonial Press of the availability of the Harris press for purchase in England. Andalaro Affidavit ¶13. The affidavit further states, "Upon being so advised, E.R. Smith and Colonial Press began to engage in an ongoing and continuous dialogue regarding the Harris Press, and Colonial Press' possible purchase of the same." Andalaro Affidavit ¶14. Smith does not specify where, when or how the claimed dialogue occurred. Nor does Smith identify the number of claimed communications or their duration. Moreover, the claimed dialogue plainly relates to the purchase of the press, which is <u>not</u> the contract at issue in this litigation.

The requirement of relatedness "is not met merely because a plaintiff's cause of action arose out of a general relationship between the parties; rather, the action must arise directly out of the specific contacts between the defendant and the forum state." <u>Sawtelle v. Farrell</u>, 70 F.3d 1381, 1389 (1st Cir. 1995). A fair reading of the Andalaro Affidavit does not support a finding of an ongoing and continuous dialogue regarding the installation services contract. Nor does it support a finding of any specific contacts between Colonial Press and this forum that were instrumental in the formation or beach of the contract. Therefore, the requirement of relatedness is not satisfied here.

**<u>Purposeful Availment</u>**

Colonial Press respectfully submits that the Magistrate Judge also misapplied the governing law and misapprehended the credible, competent facts before the Court in finding that the requirement of purposeful availment, necessary for the Court's exercise of specific jurisdiction, has been satisfied. <u>See</u> Report, slip op. at 8. That requirement is

comprised of two components, voluntariness and foreseeability. See Ticketmaster, 26 F.3d at 207. "The kind of purposeful availment necessary in the First Circuit requires in-state conduct by the defendant which is both voluntary and which makes it reasonably foreseeable that the defendant might be sued in the forum." Colibri, No. 03-523T, 2004 U.S. Dist. Lexis 26711, at *23. "[T]he voluntariness and foreseeability of the defendant's contacts depend on whether the defendant participated in the economic life of the forum and not just on the fact that the defendant formed a contract with the resident plaintiff." Id.

Contrary to the Report's findings, Smith did not proffer sufficient evidence to satisfy the requirement of voluntariness. See Report, slip op. at 9. In addition, Colonial Press did not act as more than just a passive purchaser as to the contract in question. See Report, slip op. at 9-10. Further, the requirement of forseeability was not satisfied. See Report, slip op. at 10.

In a contract case, the mere existence of a contract between the plaintiff and an out-of-state defendant is not sufficient to establish purposeful availment. See Phillips, 196 F.3d at 290. "[A] contract is ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences, which themselves are the real objects of the business transaction." Burger King v. Rudzewicz, 471 U.S. 462, 479 (1985) (internal quotation marks and citation omitted). Therefore, the Court must evaluate the prior negotiations, the contemplated future consequences, the terms of the contract and the parties' course of dealing to determine whether the defendant purposefully established minimum contacts with the forum. Id.

Here, the future consequences contemplated by the parties were the shipment of the Harris press from England to Nebraska and the installation of the press in Nebraska. The terms of the contract so provided. Moreover, the parties were present in England and Nebraska in connection with the performance of the contract. There is no competent evidence in the record of any in-state conduct by Colonial Press which was voluntary and which would have made it reasonably foreseeable that Colonial Press might be sued in Rhode Island in connection with this contract.

**Reasonableness**

Colonial Press objects to the Report because a proper weighing of the so-called "Gestalt factors" requires the conclusion that the exercise of jurisdiction over Colonial Press is not reasonable. See Report, slip op. at 11-13. Specifically, Colonial Press has no presence in and no connection with Rhode Island. Colonial Press is located only in Nebraska, which is extremely distant from this forum. Colonial Press's witnesses and records, the Harris press, and the installation site are all in Nebraska. Requiring Colonial Press to defend this litigation in Rhode Island places a substantial and unreasonable burden on Colonial Press. See Ticketmaster, 26 F.3d at 210 (burden associated with requiring California resident to appear in Massachusetts "is onerous in terms of distance" and this burden is "entitled to substantial weight in calibrating the jurisdictional scales").

Additionally, Rhode Island has no significant interest in adjudicating the dispute. The Harris press was shipped from England to Nebraska. Andalaro Affidavit ¶¶24, 25. The services in issue were contemplated to be performed in Nebraska, and the services were deficiently performed there by Smith. At best, this forum has a minimal interest in addressing Smith's claim. Although Smith may prefer to litigate in Rhode Island, where,

as here, key witnesses and evidence are in Nebraska, and none of the key events took place in Rhode Island, Smith's interest in obtaining relief can be served just as well by a Nebraska court as by a court located in Rhode Island. Because Smith routinely handles projects around the world, Smith will not be inconvenienced by pursuing its claim in Nebraska. See Colibri, No. 03-523T, 2004 U.S. Dist. Lexis 26711, at *32.

The common interest of Rhode Island and Nebraska in efficiently resolving disputes also warrants the dismissal of this case. Because witnesses, records, and the Harris press are located in Nebraska, it would be most efficient for this claim to be resolved there. Finally, the shared interest of the states in furthering social policies warrants dismissal. "As a fundamental social policy, it is desirable that the court which is most concerned with a controversy . . . should adjudicate the dispute." Colibri, No. 03-523T, 2004 U.S. Dist. Lexis, at *33. Clearly, that court is not in Rhode Island.

**Lack of Evidence**

Colonial Press objects to the Report as the Magistrate Judge accepted as true contentions that were not credible and/or did not constitute competent evidence of specific facts, as required by the governing standard, and as the Magistrate Judge misapprehended the credible, competent facts before the Court.

The allegation that Smith and Colonial Press "began to engage in an ongoing and continuous dialogue regarding the Harris press, and Colonial Press' possible purchase of the same," Andalaro Affidavit ¶14, on which the Report heavily relies (see, e.g., slip op. at 2, 7, 9), is wholly conclusory. The documents attached to the Complaint and the Andalaro Affidavit do not support the allegation.

Also, there is no evidence that Colonial Press dictated the terms of the installation contract. Smith's June 3, 2004 letter, attached to both the Complaint and the Andalaro Affidavit, specifies that the press will be shipped to Nebraska, and not "a location to be determined by Colonial." Report, slip op. at 10 (citing Andalaro Affidavit ¶17).

**Inconsistency with Precedent**

Colonial Press objects to the Report's findings "that all prongs of the three-factor test for specific personal jurisdiction are satisfied and that this Court may properly exercise personal jurisdiction over Colonial [Press]," Report, slip op. at 13, and to the Report's recommendation that the Motion be denied, Report, slip op. at 13, as the exercise of jurisdiction in this case would be inconsistent with the decisions of this Court and the Court of Appeals for the First Circuit.

The Magistrate Judge appropriately articulated concern about the propriety of exercising personal jurisdiction over an out-of-state defendant which merely purchases goods produced in the forum. See Report, slip op. at 6. However, the Magistrate Judge misapprehended and misapplied the governing standards to the facts of this case. The Report fails to account for the fact that the connection, if any, between Colonial Press and Rhode Island is even more attenuated than the case of a buyer of goods produced in the forum because the subject of this litigation is the provision of services outside of the forum, namely in England and Nebraska. The Report also fails to account for the facts that the transaction on which Smith's claim is based was initiated by Smith and that there is no evidence that Colonial Press negotiated or dictated the terms of the installation contract. Moreover, the Report mistakenly relies on In-Flight Devices Corp. v. Van Dusen Air, Inc., 466 F.2d 220 (6th Cir. 1972), an opinion of the Sixth Circuit arguably in

conflict with the opinion of the First Circuit in Whittaker Corp. v. United Aircraft Corp., 482 F.2d 1079 (1st Cir. 1973). See Lakeside Bridge & Steel Co. v. Mountain State Constr. Co., Inc., 445 U.S. 907, 909-910 (1980) (White, J., dissenting) (citing In-Flight and Whittaker as cases arguably in conflict on the question of personal jurisdiction over nonresident corporate defendants based on contractual dealings with resident plaintiffs).

Although citing Microfibres, Inc. v. McDevitt-Askew, 20 F. Supp.2d 316, 321 (D.R.I. 1998), for the requirement of "a voluntary decision by the defendant to inject itself into the local economy as a market participant," Report, slip op. at 10, the Magistrate Judge failed to apply the reasoning of that case to this matter. There, the Court determined that neither the prong of relatedness nor the prong of purposeful availment was met in a breach of contract case in which the defendant was employed by a Rhode Island company, made three visits to Rhode Island, and communicated with the plaintiff's headquarters in Rhode Island by telephone and written correspondence an unspecified number of times. 20 F. Supp.2d at 319, 321.

Moreover, in cases in which a defendant had significantly greater contacts with the forum than those present here, dismissal for lack of jurisdiction has been held proper. See, e.g., Phillips, 196 F.3d 284 (affirming dismissal of breach of contract and other claims for lack of personal jurisdiction where defendants made visit to forum, transmitted checks to forum, and sent letters to forum); Colibri, No. 03-523T, 2004 U.S. Dist. Lexis 26711 (recommending dismissal of breach of contract case where core allegations of complaint related to activities occurring outside of forum, even though agreement stated it was subject to and governed by Rhode Island law); Hainey v. World Am Communications, Inc., 263 F. Supp.2d 338 (D.R.I. 2003) (dismissing claims for non-

payment of services under consulting contract where plaintiff claimed two meetings occurred in Rhode Island and plaintiff had almost daily telephone contact with defendant for approximately one year); CVS Corp. v. Taubman Ctrs., Inc., 225 F. Supp.2d 120 (D.R.I. 2002) (dismissing breach of contract and other claims where defendant sent invoices and correspondence to plaintiff in Rhode Island and sent auditors to review records in Rhode Island).

## CONCLUSION

For these reasons, Colonial Press respectfully requests that the Court reject and/or modify the findings and recommendation of the Report, grant the Motion to Dismiss, and dismiss the case for lack of personal jurisdiction.

**THE COLONIAL PRESS, INC.**
By its attorney,

Barbara S. Cohen

Barbara S. Cohen (2848)
GOLDENBERG & MURI LLP
10 Weybosset Street
Providence, RI 02903
Tel: (401) 421-7300
Fax: (401) 421-7352

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of July, 2005, a copy of the within Memorandum was forwarded by first class mail, postage prepaid, to:

George A. Comolli, Esq.
Comolli & LaMountain, Ltd.
15 Franklin Street
Westerly, RI 0289

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
Ferucci Russo P.C.
55 Pine Street
Providence, RI 02903

Jennifer Gagnon