UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| E.R. SMITH ASSOCIATES, INC., Plaintiff | : | |
| vs. | : | C.A. No.: 05-CV-45-T |
| THE COLONIAL PRESS, INC., Defendant | : | |

**E.R. Smith Associates, Inc.'s Response to The Colonial Press, Inc.'s Objection to Report and Recommendation of Magistrate Judge**

NOW COMES plaintiff E.R. Smith Associates, Inc. ("E.R. Smith"), by and through counsel, hereby responds to defendant The Colonial Press, Inc.'s ("Colonial Press") objection to the Report and Recommendation of Magistrate Judge Lincoln D. Almond, dated June 24, 2005 ( the "Report"), denying Colonial Press' motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

In support of its opposition to Colonial Press' objection to the Report, E.R. Smith respectfully submits, and states, as follows:

1. In the first instance, Colonial Press expressly disputes Magistrate Judge Almond's determination that the "relatedness" requirement for the exercise of specific personal jurisdiction has been satisfied in the instant case, and, further, argues that, in doing so, the Court misapplied the law and, as such, its findings were not supported by credible, competent evidence. Simply put, Colonial Press' position that is misplaced. Relatedness is the first prong of a three-prong test established by the First Circuit to

ascertain whether a court has specific personal jurisdiction over a defendant. To meet this requirement "the claim underlying the litigation must directly *arise out of, or relate to* the defendant's forum state activities," *United Electrical, Radio & Machine Workers of America v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1089 (1[st] Cir. 1992). (emphasis supplied.) Even more, relatedness is intended to be a "flexible, relaxed standard." *Sawtelle v. Farrell*, 70 F. 3d 1381, 1389 (1[st] Cir. 1995), citing *Pritzker v. Yari*, 42 F. 3d 53, 61 (1[st] Cir. 1994). In a contract case, such as the instant matter, relatedness is established if the defendant's contacts with the forum "were instrumental either in the formation of the contract or in its breach." *Phillips Exeter Academy v. Howard Phillips Fund, Inc.*, 196 F. 3d 284, 289 (1[st] Cir. 1999). In the case at bar, it is beyond dispute that Colonial Press' contacts with this forum were instrumental in both its contract formation with E.R. Smith, as well as with respect to its breach of the same. In or about October, 2003, Colonial Press purposefully sought out E.R. Smith and engaged it to perform an inspection of a New Jersey printing press that Colonial Press was "eyeing" for purchase. E.R. Smith performed its scope of work at that time, and was paid for the same by Colonial Press. Thereafter, in or about early 2004, Colonial Press was, again, exploring the possible purchase of a printing press, this time in Texas, and, in the course of doing so, engaged in a dialogue with E.R. Smith regarding the same. Finally, in or about May, 2004, Colonial Press engaged E.R. Smith relative to the purchase, disassembly, containerization, transport, and installation of that certain Harris M-110B web offset printing press (the "Harris press") that is the subject of the instant litigation. It is clear that, at every turn, Colonial Press initiated and/or re-initiated an ongoing and continuous business relationship with E.R. Smith, and, in doing so, engaged

E.R. Smith to perform a certain scope of work on its behalf and/or for its benefit. Accordingly, Colonial Press' contacts with this forum, and, more particularly, E.R. Smith were instrumental in the formation of its contract(s) with E.R. Smith. Additionally, based upon the attendant facts, it cannot be disputed that Colonial Press' breach of its agreement with E.R. Smith is a direct result of its contact(s) with this forum. Accordingly, Magistrate Judge Almond correctly determined that the "relatedness" prong is satisfied in this case.

2. Similarly, Colonial Press takes issue with Magistrate Judge Almond's finding that Colonial Press purposefully and voluntarily availed itself to this forum, thereby submitting to its jurisdiction. Two (2) factors are considered in the purposeful availment analysis: voluntariness and foreseeability. *See Tickemaster-New York, Inc. vs. Alioto,* 26 F. 3d 201, 207 (1st Cir. 1994). "To demonstrate purposeful availment, the plaintiff must proffer 'evidence that the defendant(s) actually reached out to the plaintiff's state of residence to create a relationship.'" *PFIP, LLC v. Planet Fitness Enterprises, Inc.*, No.: 04-250-JD, 2004 WL 2538489, at *7(D. NH. Nov. 10, 2004), quoting *Philips Exeter Academy*, 196 F. 3d at 292. The requirement "depends upon the extent to which the defendant voluntarily took action and made it foreseeable. They might be required to defend themselves in court in [the forum state]" *Id.*, citing *Jet Wine & Spirits, Inc. v. Bacardi & Co.*, 298 F. 3d 1, 11 (1st Cir. 2002). There must be evidence of "a voluntary decision by the defendant to inject itself into the local economy as a market participant." *Microfibres, Inc. v. McDevitt-Askew*, 20 F. Supp. 2d 316, 321 (D. R.I. 1998). In the instant case it is absolutely clear that Colonial Press' contacts with this forum were neither random nor attenuated. In fact, Colonial Press took an overly-active role in seeking out E.R. Smith, directing and/or supervising

E.R. Smith, and controlling the terms, conditions and timing of the parties' ongoing business relationship. It is beyond dispute that prior to Colonial Press' contacting, and engaging, E.R. Smith, in or about 2003, that Colonial Press had no pre-existing business relationship with E.R. Smith. Even more, each time the parties engaged in a business dialogue and/or contractual relationship, the same was at the behest or initiation of Colonial Press. Thus, the possibility of having to litigate a dispute arising out of the parties' business relationship and/or contract(s) in Rhode Island now should come as no surprise to Colonial.

3. Colonial Press asserts that Magistrate Judge Almond improperly weighed the so-called "Gestalt factors". Colonial Press' bald reliance on this position is without merit, and not supported by the attendant facts and circumstances. Colonial Press "voluntarily appeared" in Rhode Island to transact business with a Rhode Island company, *to wit*, E.R. Smith, ostensibly, for its benefit. As a result, Rhode Island has a significant interest in determining this dispute, where a non-resident corporation has come to Rhode Island, unsolicited, to engage in business dealings with a Rhode Island company. Colonial Press directly and financially benefited from its business relationship with E.R. Smith. As such, Rhode Island has a significant interest in adjudicating a contractual dispute involving a Rhode Island company, particularly where Colonial Press purposely availed itself to the benefits and protections of this forum. In addition, a Rhode Island company has filed an action in Rhode Island to enforce its contractual agreement with a non-resident defendant, arising out of and/or relating to a transaction born and substantially consummated and/or transacted in Rhode Island. It would be highly prejudicial to require E.R. Smith, when it

has already selected the forum for the determination of this dispute, to go beyond this forum to enforce its rights under the parties' agreement. Finally, this court has a significant interest in the promotion of its social policies and the advancement of protection of its resident corporations, such as E.R. Smith.

4. Colonial Press argues that Magistrate Judge Almond should not have considered, never mind accepted as true, the sworn statement(s) of E.R. Smith in support of its objection to Colonial Press' motion to dismiss. Colonial Press maintains that certain of the averments contained in the affidavit submitted in support of E.R. Smith's memorandum are conclusory in nature, and, as such, do not establish the *prima facie* showing required to defeat a motion to dismiss. In assessing E.R. Smith's *prima facie* case, the court *must* accept as true "plaintiff's (properly documented) evidentiary proffers" and construe them "in light of the most congenial to the plaintiff's jurisdictional claim." See *Mass School of Law at Andover, Inc. v. American Bar Association*, 142 F. 3d 26, 34, 51 (1st Cir. 1998). See also, *Trio Realty, Inc. v. Eldorado Homes*, 350 F. Supp. 2d 322, 325 (D. P. R 2004), citing *Ticketmaster-New York, Inc.* 26 F. 3d at 203 (the court "draws the facts from the pleadings and parties' supplementary filings, including affidavits, taking facts affirmatively alleged by plaintiff as true and construing disputed facts in light most hospitable to plaintiff"). In the instant matter, the court simply took at face value the sworn statements advance by E.R. Smith in support of its jurisdictional claim. The statements and/or averments that Colonial Press now argues are "conclusory" in nature were unrebutted or otherwise uncontroverted in the record, at any time, by Colonial Press. Therefore, the Court was absolutely correct in accepting these affirmative statements as true, and

construing the same in the light most favorable to E.R. Smith, for the purpose of addressing Colonial Press' motion to dismiss.

5. Finally, Colonial Press maintains that the Report's findings and/or determinations are inconsistent with the decisions of this Court and the Court of Appeals for the First Circuit. This "catchall" argument is without any support. In fact, Magistrate Judge Almond, in reciting his decision relative to Colonial Press' motion to dismiss, provided the parties with a well-reasoned, well-written Report that addressed all of the arguments and allegations raised by the parties in support of their respective positions relative to the subject motion. Further, Magistrate Judge Almond's decision critically incorporated the credible, competent evidence each party provided to the court in support of its position. As such, contention now made by Colonial Press that the Report is inconsistent with well-settled precedent is without merit and misplaced, as well as at variance with the record established before the Court relative to Colonial Press' motion to dismiss.

WHEREFORE, for the foregoing reasons, E.R. Smith respectfully prays that this Court enter an order affirming and sustaining Magistrate Judge Almond's Report, denying and overruling Colonial Press' objection thereto, and awarding to E.R. Smith such other further relief as this Court may deem fair, just and meet.

Respectfully submitted,

E.R. Smith Associates, Inc.

By its Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**Ferrucci Russo P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

George A. Comolli, Esq. (# 2730)
**Comolli & LaMountain, Ltd.**
15 Franklin Street
Westerly, RI 02891
Tel: (401) 348-6020
Fax: (401) 348-0999

Dated: August 2, 2005

## Certification

I hereby certify that on this 2nd day of August, 2005, I served a true and accurate copy of the within upon **Barbara S. Cohen, Esq.**, Goldenberg & Muri, LLP, 10 Weybosset Street, Providence, Rhode Island, 02903, by first-class, postage prepaid mail.

Darlene Morris