UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

E.R. SMITH ASSOCIATES, INC.

Plaintiff,

v.

THE COLONIAL PRESS, INC.

Defendant.

Civil Action No. 05-CV-45-T

# ANSWER, COUNTERCLAIM, and JURY DEMAND

## ANSWER

The defendant, The Colonial Press, Inc. ("Colonial Press"), submits the following Answer to the plaintiff's Complaint:

1. Colonial Press denies the allegations of paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Colonial Press admits that it is a Nebraska corporation with a mailing address of 10607 Harrison Street, Omaha, Nebraska 68128. Colonial Press denies the remaining allegations of paragraph 2.

3. Colonial Press admits that this Court may exercise jurisdiction over the subject matter of this controversy pursuant to 28 U.S.C. §1332(a). Colonial Press denies that this Court may exercise personal jurisdiction over Colonial Press. Colonial Press denies the remaining allegations of paragraph 3.

4. Colonial Press denies the allegations of paragraph 4.

5. Colonial Press admits that, on or about June 16, 2004, it entered into a contract with the plaintiff to purchase a certain Harris M-110B Web Offset Press ("Press"). Colonial Press admits that a copy of the contract is attached to the Complaint and is marked "Exhibit A." As that contract speaks for itself, Colonial Press denies the remaining allegations of paragraph 5.

6. Colonial Press admits that the contract provided, in part, that "[t]he sale price is $275,000.00. (As is Where is – UK)." Colonial Press denies the remaining allegations of paragraph 6.

7. Colonial Press admits that it entered into a separate agreement with the plaintiff for certain services, including the installation of the Press. Colonial Press also admits that a copy of correspondence concerning the agreement is attached to the Complaint and is marked "Exhibit B." Colonial Press denies the remaining allegations of paragraph 7.

8. As Exhibit B to the Complaint speaks for itself, Colonial Press denies the allegations of paragraph 8.

9. Colonial Press denies that it did not agree to an inspection of the Press and, as the contract regarding the purchase of the Press speaks for itself, Colonial Press denies the remaining allegations of paragraph 9.

10. Colonial Press states and admits that the plaintiff failed to perform the installation services which the plaintiff had agreed to perform. Colonial Press denies the remaining allegations of paragraph 10.

11. Colonial Press states and admits that the plaintiff failed to perform the installation services which the plaintiff had agreed to perform and that the plaintiff failed

to perform its obligations in a timely manner. Colonial Press denies the remaining allegations of paragraph 11.

12. Colonial Press admits that the Press is only partially operational. Colonial Press denies the remaining allegations of paragraph 12.

13. Colonial Press denies the allegations of paragraph 13.

14. Colonial Press denies the allegations of paragraph 14.

15. Colonial Press denies the allegations of paragraph 15.

16. Colonial Press denies the allegations of paragraph 16.

## Affirmative Defenses

### Contract of Settlement / Substituted Contract

The plaintiff's claim is barred by the contract of settlement and/or substituted contract entered into by the parties on or about December 2, 2004.

### Accord and Satisfaction

The plaintiff's claim is barred by the doctrine of accord and satisfaction.

### Failure to State a Claim

The Complaint fails to state any claim upon which relief can be granted.

### Failure of Consideration

The plaintiff's claim fails for lack of consideration.

### Lack of Personal Jurisdiction

This Court lacks personal jurisdiction over Colonial Press.

### Improper Venue

Venue of the plaintiff's claim is not properly placed in this judicial district.

Waiver

The plaintiff has waived the claim set forth in the Complaint.

Estoppel

The plaintiff is estopped by its own conduct from asserting the claim set forth in the Complaint.

Setoff

Colonial Press is entitled to setoff, against any damages which the plaintiff may be awarded, the damages suffered by Colonial Press as a result of the plaintiff's breaches of contract, together with any resulting interest, costs, attorneys' fees, and other expenses.

Failure to Mitigate Damages

The plaintiff has failed to mitigate its alleged damages.

Substantial and Material Breach of Contract

The plaintiff's claim is barred by reason of the plaintiff's substantial and material breach of contract.

Misrepresentation

The plaintiff's claim is barred by reason of the plaintiff's misrepresentations to Colonial Press and Colonial Press's justifiable reliance on those misrepresentations.

WHEREFORE, Colonial Press respectfully requests judgment in its favor and the following specific relief:

(a) The dismissal of the Complaint with prejudice;

(b) An award of Colonial Press's costs, including reasonable attorneys' fees, incurred in the defense of this proceeding;

(c) An award of interest on all such sums; and

(d) Such other and further relief as the Court deems just in the circumstances of this case.

## COUNTERCLAIM

Colonial Press submits the following Counterclaim against the plaintiff, E.R. Smith Associates, Inc. ("Smith"):

### Parties

1. Colonial Press is a corporation duly organized and existing under the laws of the State of Nebraska, with its principal place of business in Nebraska. Colonial Press is a commercial printer and lithographer. Among other things, Colonial Press handles heat set web printing, sheet-fed offset printing, high speed copying, and binding for businesses. Colonial Press prints newspapers inserts, business brochures, and other multi-color, high volume items for businesses.

2. Smith is a corporation duly organized and existing under the laws of the State of Rhode Island, with its principal place of business in Rhode Island. On information and belief, Smith is engaged in the business of designing, engineering, selling and installing printing equipment, as well as providing other services.

### Jurisdiction and Venue

3. This Court may exercise subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §1332(a) as the matter in controversy is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a)(1) as Smith is deemed to reside in this district.

Facts

5. In or about May 2004, Smith solicited Colonial Press with respect to a certain Harris M-110B Web Offset Press ("Press") that was available for purchase in Leeds, England.

6. In or about June 2004, a representative of Smith and a representative of Colonial Press viewed the Press in England.

7. Also, in June 2004, Smith sent Colonial Press a quotation for services to be performed by Smith for the removal, insurance, containerization, and shipping of the Press, as well as the installation of the Press in Colonial Press's La Vista, Nebraska plant. The total price for these services was quoted at $275,000. Smith estimated the installation time to be approximately five weeks.

8. Colonial Press agreed to purchase the Press and agreed to the quotation for installation services on the conditions that the installation be completed and the Press be fully operational in September 2004, and that the same personnel who dismantled the Press in England reassemble the press in Nebraska.

9. Colonial Press required that the Press be fully operational in September 2004 in order to meet its own customers' deadlines for work to be performed by Colonial Press.

10. Smith was well aware of this time constraint and Smith represented to Colonial Press, and assured Colonial Press, that the installation would be completed and the Press would be fully operational so as to meet Colonial Press's requirements. Smith also represented to Colonial Press, and assured Colonial Press, that the same personnel who dismantled the Press in England would reassemble it in Nebraska.

11. Colonial Press reasonably relied on the representations and assurances made by Smith.

12. Thereafter, the Press was shipped from England to La Vista, Nebraska.

13. Notwithstanding Smith's representations regarding the installation time and Smith's assurances that the Press would be fully operational in time for Colonial Press to meet its customers' requirements, Smith failed to install the Press as it had promised and in accordance with Smith's quotation.

14. Among other deficiencies, the equipment was not properly removed and containerized in England, resulting in the loss of and/or damage to components of the Press. In addition, Smith made numerous errors in the installation process, thereby significantly delaying the work.

15. As a result of Smith's deficient and untimely performance of the installation services, and at the request of Smith's president, Colonial Press issued Smith an Invoice detailing the expenses, as of December 1, 2004, that Colonial Press had incurred or would incur because of Smith's failure to provide services as agreed. As of that time, those expenses exceeded $200,000.

16. After several discussions in Nebraska, Smith and Colonial Press reached an agreement resolving Smith's claim for the balance of the installation services quote and Colonial Press's claim for reimbursement of expenses due to Smith's failure to provide those services as agreed.

17. Among other things, under the December 2004 agreement, Smith agreed to assume the cost of repairing certain equipment, to share the cost of reconfiguring and

purchasing certain equipment, and to forego the payment of $82,500 that would have been due had Smith performed the installation services as promised.

18. To date, Smith has not performed its obligations under the December 2004 agreement, Smith has not performed the installation services as promised, and the Press still is not fully operational.

19. As a result of Smith's failure to perform its obligations, Colonial Press has suffered substantial damages, including damages due to production delays, the spoilage of raw materials, lost business opportunities and profits, the cost of correcting and/or completing Smith's deficient work, the cost of repairing and/or replacing equipment damaged by Smith or which Smith failed to provide, and the sums previously paid by Colonial Press to Smith.

20. Colonial Press has duly performed all of its obligations under the agreements with Smith, and all conditions precedent have occurred. However, Smith has failed and refused to provide the services and perform the obligations which it undertook to provide and perform.

## Claims

### Count I - Breach of Contract - Installation Services

21. Colonial Press hereby restates and incorporates by this reference the allegations of paragraphs 1 through 20, inclusive, of the Counterclaim.

22. Smith breached its contract with Colonial Press for the performance of installation services.

23. As a direct result of Smith's breach, Colonial Press has suffered substantial damages.

Count II - Breach of Contract – December 2004 Contract

24. Colonial Press hereby restates and incorporates by this reference the allegations of paragraphs 1 through 20, inclusive, of the Counterclaim.

25. Smith breached the December 2004 contract with Colonial Press.

26. As a direct result of Smith's breach, Colonial Press has suffered substantial damages.

Relief

WHEREFORE, Colonial Press respectfully requests judgment in its favor on the Counterclaim and the following specific relief:

(a) An award of damages in the amount of $750,000;

(b) An award of Colonial Press's costs, including reasonable attorneys' fees, incurred in connection with this proceeding;

(c) An award of interest on all such sums; and

(d) Such other and further relief as the Court deems just in the circumstances of this case.

**THE COLONIAL PRESS, INC.**
By its attorney,

Barbara S. Cohen

Barbara S. Cohen (2848)
GOLDENBERG & MURI LLP
10 Weybosset Street
Providence, RI 02903
Tel: (401) 421-7300
Fax: (401) 421-7352

**JURY DEMAND**

Colonial Press, Inc. hereby demands a trial by jury of all issues triable of right by a jury.

**THE COLONIAL PRESS, INC.**
By its attorney,

Barbara S. Cohen

Barbara S. Cohen (2848)
GOLDENBERG & MURI LLP
10 Weybosset Street
Providence, RI 02903
Tel: (401) 421-7300
Fax: (401) 421-7352

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of January, 2006, a copy of the within Answer, Counterclaim, and Jury Demand was forwarded by first class mail, postage prepaid, to:

George A. Comolli, Esq.
Comolli & LaMountain, Ltd.
15 Franklin Street
Westerly, RI 02891

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
Ferrucci Russo, P.C.
55 Pine Street
Providence, RI 02903

Jennifer Gagnon