**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **E.R. SMITH ASSOCIATES, INC.,** | : | |
| **Plaintiff** | : | |
| **vs.** | : | **C.A. No.: 05-CV-45-T** |
| **THE COLONIAL PRESS, INC.,** | : | |
| **Defendant** | : | |

**E.R. SMITH ASSOCIATES, INC.'S ANSWER TO DEFENDANT'S COUNTERCLAIM**

NOW COMES plaintiff/defendant-in-counterclaim E.R. Smith Associates, Inc. ("E.R. Smith"), by and through counsel, and hereby answer and responds to the allegations and averments set forth in defendant/plaintiff-in-counterclaim The Colonial Press, Inc.'s ("Colonial") Counterclaim in connection with the above-entitled action as follows:

**Parties**

1. E.R. Smith is without sufficient and knowledge to form a belief as to the truth or veracity of the allegations and averments set forth in Paragraph 1 of Colonial's Counterclaim, and, as such, leaves Colonial to its burden of proof thereon. To the extent a response to the allegations and averments set forth in said Paragraph 1 is required, E.R. Smith denies the same.

2. E.R. Smith admits the allegations and averments set forth in Paragraph 2 of Colonial's Counterclaim.

**Jurisdiction and Venue**

3. E.R. Smith can neither admit nor deny the allegations and averments set forth in Paragraph 3 of Colonial's Counterclaim insofar as they state conclusions of law to which no

response is required; however, to the extent a response to the allegations and averments set forth in said Paragraph 3 is required, E.R. Smith denies the same.

4. E.R. Smith can neither admit nor deny the allegations and averments set forth in Paragraph 4 of Colonial's Counterclaim insofar as they state conclusions of law to which no response is required; however, to the extent a response to the allegations and averments set forth in said Paragraph 4 is required, E.R. Smith denies the same.

**Facts**

5. E.R. Smith admits only that in or about May, 2004, it "advised" Colonial with respect to the availability of the Press, which was available for purchase in Leeds, England. E.R. Smith, however, did not "solicit" Colonial with respect to the same, and thereby denies each and every of the remaining allegations and averments set forth in Paragraph 5 of Colonial's Counterclaim.

6. E.R. Smith admits only that one of its representatives and a representative of Colonial viewed the Press in England in or about 2004. E.R. Smith denies each and every of the remaining allegations and averments set forth in Paragraph 6 of Colonial's Counterclaim.

7. E.R. Smith can neither admit nor deny the allegations and averments set forth in Paragraph 7 of Colonial's Counterclaim insofar as the terms and conditions of any so-called "quotation for services" speak for themselves; however, to the extent a response to the allegations and averments set forth in said Paragraph 7 is required, E.R. Smith denies the same.

8. E.R. Smith admits only that in or about June, 2004, it entered into a contract with Colonial to perform a certain scope of services, for a sum certain, with respect to the Press. E.R. Smith can neither admit nor deny each and every of the remaining allegations and averments set forth in Paragraph 8 of Colonial's Counterclaim insofar as the terms and conditions of any such agreement speak for themselves; however, to the extent a response to the allegations and

averments set forth in said Paragraph 8 is required, E.R. Smith denies each and every of the remaining allegations and averments set forth in said Paragraph 8.

9. E.R. Smith denies the allegations and averments set forth in Paragraph 9 of Colonial's Counterclaim.

10. E.R. Smith denies the allegations and averments set forth in Paragraph 10 of Colonial's Counterclaim.

11. E.R. Smith denies the allegations and averments set forth in Paragraph 11 of Colonial's Counterclaim.

12. E.R. Smith admits the allegations and averments set forth in Paragraph 12 of Colonial's Counterclaim.

13. E.R. Smith denies the allegations and averments set forth in Paragraph 13 of Colonial's Counterclaim.

14. E.R. Smith denies the allegations and averments set forth in Paragraph 14 of Colonial's Counterclaim.

15. E.R. Smith denies the allegations and averments set forth in Paragraph 15 of Colonial's Counterclaim.

16. E.R. Smith denies the allegations and averments set forth in Paragraph 16 of Colonial's Counterclaim.

17. E.R. Smith denies the allegations and averments set forth in Paragraph 17 of Colonial's Counterclaim.

18. E.R. Smith denies the allegations and averments set forth in Paragraph 18 of Colonial's Counterclaim.

19. E.R. Smith denies the allegations and averments set forth in Paragraph 19 of Colonial's Counterclaim.

20. E.R. Smith denies the allegations and averments set forth in Paragraph 20 of Colonial's Counterclaim.

**Claims**
**<u>Counter I – Breach of Contract – Installation Services</u>**

21. E.R. Smith reasserts and realleges its answers and responses to Paragraph Nos. 1 through 20 of Colonial's Counterclaim as if the same were set forth more fully herein, and incorporates the same herein by reference.

22. E.R. Smith denies the allegations and averments set forth in Paragraph 22 of Colonial's Counterclaim.

23. E.R. Smith denies the allegations and averments set forth in Paragraph 23 of Colonial's Counterclaim.

**Claims**
**<u>Counter II – Breach of Contract – December 2004 Contract</u>**

24. E.R. Smith reasserts and realleges its answers and responses to Paragraph Nos. 1 through 24 of Colonial's Counterclaim as if the same were set forth more fully herein, and incorporates the same herein by reference.

25. E.R. Smith denies the allegations and averments set forth in Paragraph 25 of Colonial's Counterclaim.

26. E.R. Smith denies the allegations and averments set forth in Paragraph 26 of Colonial's Counterclaim.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Colonial's Counterclaim is precluded insofar as Colonial has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Colonial's Counterclaim is precluded as a result of its own breach of contract.

### Third Affirmative Defense

Colonial's Counterclaim is precluded by its own misfeasance and/or malfeasance.

### Fourth Affirmative Defense

Colonial's Counterclaim is precluded by its own negligence.

### Fifth Affirmative Defense

Colonial's Counterclaim is precluded by its own misrepresentation.

### Sixth Affirmative Defense

Colonial's Counterclaim is precluded by the doctrine of waiver.

### Seventh Affirmative Defense

Colonial's Counterclaim is precluded by the doctrine of unclean hands.

### Eighth Affirmative Defense

Colonial's Counterclaim is precluded by the doctrine of laches.

### Ninth Affirmative Defense

Colonial's Counterclaim is precluded by the doctrine of estoppel.

### Tenth Affirmative Defense

Colonial's Counterclaim is precluded insofar as there was no meeting of the minds in or about December, 2004.

**Eleventh Affirmative Defense**

Colonial's Counterclaim is precluded insofar as the only agreement by and between the parties occurred in or about June, 2004.

**Twelfth Affirmative Defense**

Colonial's Counterclaim is precluded by its own bad faith conduct.

**Thirteenth Affirmative Defense**

Colonial's Counterclaim is precluded by its failure to mitigate its damages.

**Fourteenth Affirmative Defense**

Colonial's Counterclaim is precluded by its failure to substantially perform pursuant to the parties' agreement.

**Fifteenth Affirmative Defense**

E.R. Smith hereby reserves the right to amend the within answer to Colonial's Counterclaim and add such additional affirmative defenses to the extent that any further affirmative defenses become known and/or appropriate during the course of the instant litigation.

Respectfully submitted,

E.R. Smith Associates, Inc.

By its Attorneys,

W. Mark Russo (#3937)
Christopher M. Mulhearn (#5188)
**Ferrucci Russo P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

George A. Comolli, Esq. (# 2730)
**Comolli & LaMountain, Ltd.**
15 Franklin Street
Westerly, RI 02891
Tel: (401) 348-6020
Fax: (401) 348-0999

Dated: January 10, 2006

## Jury Demand

Plaintiff/defendant-in-counterclaim E.R. Smith Associates, Inc. hereby demands a trial by jury on all counts so triable relative to The Colonial Press, Inc.'s Counterclaim.

## Certification

I hereby certify that on this 10th day of January, 2006, I served a true and accurate copy of the within upon **Barbara S. Cohen, Esq.**, Goldenberg & Muri, LLP, 10 Weybosset Street, Providence, Rhode Island, 02903, by first-class, postage prepaid mail.