UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

E.R. SMITH ASSOCIATES, INC.

Plaintiff,

Civil Action No. 05-CV-45-T

v.

THE COLONIAL PRESS, INC.

Defendant.

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF**

Pursuant to the provisions of Rules 26 and 34 of the Federal Rules of Civil Procedure, the defendant, The Colonial Press, Inc., propounds the following First Request for Production of Documents Directed to Plaintiff.

**DEFINITIONS**

1. The term "document" shall include, but shall not be limited to, correspondence, e-mail and other matter transmitted and/or stored electronically, financial records, reports, writings, graphic matters or other media upon which intelligence or information is recorded or placed, notes, interoffice and intra-office communications, written communications, circulars, announcements, directories, declarations, evaluations, filings, agreements, contracts, subcontracts, legal instruments, workpapers, work orders, work authorizations, affidavits, appraisals, checks, statements of account, process sheets, records, instructions, notebooks, scrapbooks, diaries, minutes, minutes of meetings, calendars, schedules, projections, plans, drawings, specifications, designs, sketches, pictures, photographs, blueprints, models, files, software, passcodes,

components, prototypes, photocopies, charts, graphs, curves, descriptions, motion pictures, videotapes, recordings, manuals, published or unpublished speeches or articles, press releases, newspapers, magazines, books, publications, transcripts of telephone conversations, sound recordings, any other recorded or retrievable information or data (whether on cards, taped, punched or coded, electrostatically, electromagnetically, on computer or otherwise), any other physical or tangible item, and any identical or non-identical copy of any of the foregoing, whether a draft or final version, whether different from the original because of any alterations, notes, comments, initials, underscoring, indication of routing or other material contained thereon or attached thereto, and whether sent to or received by any person. It includes documents prepared by parties and non-parties and their respective officers, employees, directors, servants, and agents and others acting for or on behalf of any of the foregoing.

2. The term "identify" means:

(a) with respect to a natural person, state his or her full name, any previous name or aliases, any residence address(es) and telephone number(s), present or last known employer, job title, position or business activity; if such person is or was acting for or on behalf of another, also state the person or entity for whom such person is or was acting;

(b) with respect to a document, state the type of document, its date, author and addressee(s), any other characteristics necessary to identify the document, including its present location or custodian, so as to form the basis for a request for production and, as to any document which was, but no longer is, in the possession, custody or control of the plaintiff, state what disposition was made of it; and

(c) with respect to a communication, state the date of the communication, the type

of communication (e.g., telephone conversation, meeting, etc.), the place where the communication occurred, the identity of all persons who participated in the communication and all other persons present at the time of such communication, and the subject matter discussed.

3. The term "person" means any natural person, corporation, association, firm, partnership, government agency or authority, or other business or legal entity, and/or officers, employees, agents, servants, representatives, and attorneys of such entities, as the context requires.

4. The term "relate(s) to" or any variation thereof (e.g., "relating to" or "related to") means contain, record, reflect, discuss, mention, note, evidence, memorialize, analyze, describe, comment upon, refer to, have any connection with or have any tendency to prove or disprove the matters set forth.

5. The term "Smith" means the plaintiff, E.R. Smith Associates, Inc., its officers, directors, employees, servants, agents, representatives, attorneys, accountants, advisors and/or consultants.

6. The term "the Complaint" means Smith's Complaint in this lawsuit.

7. The term "Colonial Press" means the defendant, The Colonial Press, Inc., its officers, directors, employees, servants, agents, representatives, attorneys, accountants, advisors and/or consultants.

8. The term "the Counterclaim" means Colonial Press's Counterclaim in this lawsuit.

9. "State the basis for" means, as to an allegation or contention, to: (a) State all facts related to the allegation or contention; (b) Identify all documents related to the

allegation or contention; and (c) Identify all natural persons with knowledge of any facts related to the allegation or contention.

10. The term "Press" means the Harris M-110B Web Offset Press purchased by Colonial Press.

11. The term "communication" means any oral or other transmission of fact, information, ideas or opinion, including, but not limited to, any utterance, notation, question, command, interjection, expression, gesture, suggestive conduct or statement of any nature whatsoever, any conversation (whether by telephone or otherwise) or meeting.

## INSTRUCTIONS

1. The documents requested herein are to be produced for inspection and copying at the offices of Goldenberg & Muri LLP, 10 Weybosset Street, Providence, RI 02903 within thirty (30) days of the date of service of this request.

2. Smith is to supplement or amend its responses to this document request in a timely manner in accordance with the requirements of Rule 26 and Rule 34.

3. If any document responsive to this request is withheld on the ground of a claim of privilege, please provide a privilege log which lists each withheld document separately and states as to each document: (a) the document's author(s); (b) the document's date; (c) the document's addressee(s); (d) all recipients of the document; (e) the subject of the document (without revealing its contents); and (f) the privilege claimed and the basis therefor with sufficient specificity so that the claim may be considered by a reviewing court.

4. Unless otherwise stated, these requests seek documents prepared, generated and/or transmitted during the period May 1, 2004 through the trial of this case.

**REQUESTS**

1. All documents relating to each communication between Smith and Colonial Press regarding the Press and/or the installation of the Press.

2. All documents relating to the inspection of the Press by Smith.

3. All documents relating to the removal of the Press by Smith.

4. All documents relating to the insurance of the Press by Smith.

5. All documents relating to the containerization of the Press by Smith.

6. All documents relating to the shipping of the Press by Smith.

7. All documents relating to the installation of the Press by Smith.

8. All documents relating to each visit made by Smith's representative(s) to Colonial Press's facility regarding the Press.

9. All documents relating to each subcontractor, or other person, hired or paid by Smith to perform services respecting the Press.

10. All documents relating to the loss of or damage to components of the Press in the removal, containerization, shipping and/or installation of the Press.

11. All documents relating to each claim for insurance made by Smith in connection with the loss of or damage to components of the Press.

12. All documents relating to payments made by Colonial Press to Smith in connection with the Press and/or the installation of the Press.

13. All invoices issued by Smith to Colonial Press relating to the Press and/or the installation of the Press.

14. All invoices issued by Colonial Press to Smith relating to the Press and/or the installation of the Press.

15. All documents relating to each representation made by Smith to Colonial Press regarding the Press prior to Colonial Press's purchase of the Press.

16. All documents relating to each communication between Smith and Graphic Web Services regarding the Press and/or the installation of the Press.

17. All documents relating to each communication between Robert Tucker and Smith regarding Mr. Tucker's travel to England to view the Press.

18. All documents relating to one or more of the affirmative defenses asserted by Smith in its answer to the Counterclaim.

19. All documents relating to each contract or agreement between Colonial Press and Smith respecting the Press and/or the installation of the Press.

20. All documents relating to each communication between Smith and Graphics & Technologies, Inc. regarding the Press and/or the installation of the Press.

21. All documents relating to each payment made to Smith by Colonial Press.

22. All documents relating to each internal communication by and between Smith's personnel regarding the Press and/or the installation of the Press.

23. All documents relating to any test performed on the Press by or on behalf of Smith.

24. The complete resume and/or curriculum vitae of each expert retained or engaged by Smith in connection with the Press.

25. All photographs and videotapes of the Press and/or the installation of the Press.

26. All installation drawings, schematics, wire run lists, and other documents supplied by Smith in connection with the installation of the Press.

**THE COLONIAL PRESS, INC.**
By its attorney,

Barbara S. Cohen

Barbara S. Cohen (2848)
GOLDENBERG & MURI LLP
10 Weybosset Street
Providence, RI 02903
Tel: (401) 421-7300
Fax: (401) 421-7352
Email: bsc@goldenberg-muri.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of February, 2006, a copy of the within First Request for Production of Documents was forwarded by first class mail, postage prepaid, to:

George A. Comolli, Esq.
Comolli & LaMountain, Ltd.
15 Franklin Street
Westerly, RI 02891

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
Ferrucci Russo, P.C.
55 Pine Street
Providence, RI 02903

Jennifer Gagnon