UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

E.R. SMITH ASSOCIATES, INC.

Plaintiff,

Civil Action No. 05-CV-45-T

v.

THE COLONIAL PRESS, INC.

Defendant.

**DEFENDANT'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF**

Pursuant to the provisions of Rules 26 and 33 of the Federal Rules of Civil Procedure, the defendant, The Colonial Press, Inc., propounds the following First Set of Interrogatories Directed to Plaintiff.

**DEFINITIONS**

1. The term "document" shall include, but shall not be limited to, correspondence, e-mail and other matter transmitted and/or stored electronically, financial records, reports, writings, graphic matters or other media upon which intelligence or information is recorded or placed, notes, interoffice and intra-office communications, written communications, circulars, announcements, directories, declarations, evaluations, filings, agreements, contracts, subcontracts, legal instruments, workpapers, work orders, work authorizations, affidavits, appraisals, checks, statements of account, process sheets, records, instructions, notebooks, scrapbooks, diaries, minutes, minutes of meetings, calendars, schedules, projections, plans, drawings, specifications, designs, sketches, pictures, photographs, blueprints, models, files, software, passcodes,

components, prototypes, photocopies, charts, graphs, curves, descriptions, motion pictures, videotapes, recordings, manuals, published or unpublished speeches or articles, press releases, newspapers, magazines, books, publications, transcripts of telephone conversations, sound recordings, any other recorded or retrievable information or data (whether on cards, taped, punched or coded, electrostatically, electromagnetically, on computer or otherwise), any other physical or tangible item, and any identical or non-identical copy of any of the foregoing, whether a draft or final version, whether different from the original because of any alterations, notes, comments, initials, underscoring, indication of routing or other material contained thereon or attached thereto, and whether sent to or received by any person. It includes documents prepared by parties and non-parties and their respective officers, employees, directors, servants, and agents and others acting for or on behalf of any of the foregoing.

2. The term "identify" means:

(a) with respect to a natural person, state his or her full name, any previous name or aliases, any residence address(es) and telephone number(s), present or last known employer, job title, position or business activity; if such person is or was acting for or on behalf of another, also state the person or entity for whom such person is or was acting;

(b) with respect to a document, state the type of document, its date, author and addressee(s), any other characteristics necessary to identify the document, including its present location or custodian, so as to form the basis for a request for production and, as to any document which was, but no longer is, in the possession, custody or control of the plaintiff, state what disposition was made of it; and

(c) with respect to a communication, state the date of the communication, the type

of communication (e.g., telephone conversation, meeting, etc.), the place where the communication occurred, the identity of all persons who participated in the communication and all other persons present at the time of such communication, and the subject matter discussed.

3. The term "person" means any natural person, corporation, association, firm, partnership, government agency or authority, or other business or legal entity, and/or officers, employees, agents, servants, representatives, and attorneys of such entities, as the context requires.

4. The term "relate(s) to" or any variation thereof (e.g., "relating to" or "related to") means contain, record, reflect, discuss, mention, note, evidence, memorialize, analyze, describe, comment upon, refer to, have any connection with or have any tendency to prove or disprove the matters set forth.

5. The term "Smith" means the plaintiff, E.R. Smith Associates, Inc., its officers, directors, employees, servants, agents, representatives, attorneys, accountants, advisors and/or consultants.

6. The term "the Complaint" means Smith's Complaint in this lawsuit.

7. The term "Colonial Press" means the defendant, The Colonial Press, Inc., its officers, directors, employees, servants, agents, representatives, attorneys, accountants, advisors and/or consultants.

8. The term "the Counterclaim" means Colonial Press's Counterclaim in this lawsuit.

9. "State the basis for" means, as to an allegation or contention, to: (a) State all facts related to the allegation or contention; (b) Identify all documents related to the

allegation or contention; and (c) Identify all natural persons with knowledge of any facts related to the allegation or contention.

10. The term "Press" means the Harris M-110B Web Offset Press purchased by Colonial Press.

11. The term "communication" means any oral or other transmission of fact, information, ideas or opinion, including, but not limited to, any utterance, notation, question, command, interjection, expression, gesture, suggestive conduct or statement of any nature whatsoever, any conversation (whether by telephone or otherwise) or meeting.

## INSTRUCTIONS

1. Please make diligent inquiry of any and all persons and other sources which may have any information responsive in any way to any of these interrogatories.

2. These interrogatories shall be deemed continuing and shall require supplemental or amended responses to the extent required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

## INTERROGATORIES

1. Identify the person answering these interrogatories on behalf of Smith.

2. Identify each person preparing or assisting in the preparation of these answers to interrogatories and state the specific interrogatory(ies) which each person answered or assisted in answering.

3. Identify each person whom Smith intends to call as an expert witness at the trial of this case and, as to each such person, state the subject matter on which he/she is expected to testify and provide a complete statement of all opinions to be expressed and the basis and reasons therefor, the data and/or other information considered in

forming the opinions, the qualifications of the witness, including a list of all publications authored by the witness within the preceding 10 years, the compensation to be paid for the study and testimony, and a listing of each case in which the witness has testified as an expert at trial or by deposition within the preceding 10 years.

4. Identify each person known or believed by Smith to have knowledge of any of the facts relating to any matter alleged in the Complaint and/or in the Counterclaim.

5. Identify each communication between Smith and Colonial Press relating to the Press and/or the installation of the Press.

6. Identify each communication between Smith and Graphic Web Services regarding the Press and/or the installation of the Press.

7. Identify each communication between Smith and Graphics & Technologies, Inc. regarding the Press and/or the installation of the Press.

8. Identify each communication between Robert Tucker and Smith regarding Mr. Tucker's travel to England to view the Press.

9. Identify each communication between Smith and any person, other than its attorneys, relating to the Press and/or the installation of the Press.

10. State the basis for each affirmative defense asserted by Smith in Smith's Answer to the Counterclaim.

11. Describe in detail the services which Smith contracted to perform for Colonial Press.

12. If Smith contends that Colonial Press did not perform all of its obligations under the agreements with Smith, state the basis for that contention.

**THE COLONIAL PRESS, INC.**
By its attorney,

Barbara S. Cohen

Barbara S. Cohen (2848)
GOLDENBERG & MURI LLP
10 Weybosset Street
Providence, RI 02903
Tel: (401) 421-7300
Fax: (401) 421-7352
Email: bsc@goldenberg-muri.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of September, 2006, a copy of the within First Set of Interrogatories was forwarded by first class mail, postage prepaid, to:

George A. Comolli, Esq.
Comolli & LaMountain, Ltd.
15 Franklin Street
Westerly, RI 02891

W. Mark Russo, Esq.
Christopher M. Mulhearn, Esq.
Ferrucci Russo, P.C.
55 Pine Street
Providence, RI 02903

Jennifer Gagnon